UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **Chicago Surgical Clinic Ltd.,** | ) | Chapter 11 |
| | ) | |
| Debtor . | ) | 18-30089 |
| | ) | |
| | ) | Hon. LaShonda A. Hunt |

### NOTICE OF FILING AND CERTIFICATE OF SERVICE

**Via CM/ECF:**

First Bank and Trust/ Byline
c/o Tejal S. Desai Latimer
LeVay Fyock LLC
55 West Monroe Street Suite 1100
Chicago, IL 60603-5128
tdesai@llflegal.com

Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604
312-886-5785
USTPRegion11.ES.ECF@usdoj.gov

Denise.DeLaurent@usdoj.gov

**Via US Mail:**

Department of the Treasury
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
Mail Stop 5014 CHI
230 S. Dearborn Street, Room 2600
Chicago, IL 60604-1705

IRS
PO BOX 7346
PHILADELPHIA, PA 19101-7346

Ailco Equipment Finance Group Inc.
W222N833 Cheaney Dr
Waukesha, WI 53186-1688

American Express
PO Box 0001
Los Angeles, CA 90096-0001

Chase Bank
PO Box 15298
Wilmington, DE 19850-5298

First Bank & Trust
820 Church Street
Evanston, IL 60201-3764

Firstlease
1 Walnut Grove Suite 300
Horsham, PA 19044-2201

GE Çapital
PO Box 4586
New York NY 10163

GE Medical Equipment
GE HFS LLC
PO Box 414, W-490
Milwaukee, WI 53201-0414

James Sulzer Sulzer & Shopiro
20 N Wacker Dr. Suite 2250
Chicago, IL 60606-3095

| | |
|---|---|
| Law Office of Christopher Kendall<br>190 S LaSalle, Suite 3850<br>Chicago, IL 60603-3431 | Schindler Elevators<br>200 E Randolph St Suite 5400<br>Chicago, IL 60601-6610 |
| Stoyan Kokochorov<br>c/o Christopher Kendall<br>190 S LaSalle Suite 3850<br>Chicago IL 60603-3431 | Steris Medical Equipment<br>5960 Heisley Road<br>Mentor, OH 44060-1834 |
| Marlin Equipment Finance<br>300 Fellowship Road<br>Mount Laurel, NJ 08054-1201 | United Healthcare Insurance Company<br>ATTN: CDM/Bankruptcy<br>185 Asylum Street - 03B<br>Hartford, CT 06103-3408 |
| Olympus America Inc.<br>3500 Corporate Parkway<br>Center Valley, PA 18034-8229 | Wells Fargo Bank N.A.<br>300 Tri-State International Suite 4<br>Lincolnshire, IL 60069-4413 |
| PNC Bank National Assn.<br>249 Fifth Ave Mailstop P1-POPP-L<br>Pittsburgh, PA 15222-2707 | Wells Fargo Practice Finance<br>2000 Powell Street 4th Floor<br>Emeryville, CA 94608-1850 |
| Pravati SPV II LLC<br>4600 N Scottsdale Road<br>Scottsdale, AZ 85251 | Westside Mechanical - HVAC<br>2007 Corporate Lane<br>Naperville, IL 60563-9647 |

**CERTIFICATE OF SERVICE**

    The undersigned, an attorney of record in this cause, deposes and states on oath that he served **Chicago Surgical Clinic LTD's Motion for Entry of Interim and Final Orders Authorizing Debtor to Use Cash Collateral**, a copy of which is attached hereto, upon the foregoing parties, via the court's CM/ECF filing system, by email, or by U.S. Mail from Wilmette, Illinois with proper postage prepaid on November 9, 2018.

                                                                */s/ Jeffrey Strange*

Jeffrey Strange & Associates
Attorney for debtor
717 Ridge Road
Wilmette, Illinois 60091
ARDC # 3122923
(847) 256-7377;
(847) 256-1681 fax
jstrangelaw@aol.com

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **Chicago Surgical Clinic Ltd.,** | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | 18-30089 |
| | ) | |
| | ) | Hon. LaShonda A. Hunt |

**DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS UNDER 11 U.S.C. §§ 105, 361, 362, 363, 507 AND 552 AND BANKRUPTCY RULES 2002, 4001, 6004 AND 9014 (I) AUTHORIZING DEBTOR TO USE CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED PARTY BYLINE BANK, (III) MODIFYING THE AUTOMATIC STAY,  (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF**

Chicago Surgical Clinic Ltd., the above-captioned debtor and debtor in possession (the "Debtor") submits this motion (the "Motion") for entry of an interim order, substantially in the form attached hereto (the "Interim Order"), and a final order ("Final Order") (i) authorizing the Debtor to continue to use Cash Collateral of the Debtor, pursuant to section 363 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), rules 2002, 4001, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2002-1, 4001-2 and 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"); (ii) granting adequate protection to the Prepetition Secured Parties (as defined below) pursuant to sections 105(a), 361, 363, 507 and 552 of the Bankruptcy Code; (iii) modifying the automatic stay imposed by section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms and provisions of the Interim

2

Order; (iv) scheduling a hearing to consider entry of the Final Order (the "Final Hearing") pursuant to Bankruptcy Rule 4001(b); and (v) granting related relief. In support of this Motion, the Debtor submits the Declaration of Yelena Levitin M.D. president of Chicago Surgical Center Ltd., in Support of the Debtor's Motions (the "Levitin Declaration"), filed contemporaneously herewith and incorporated herein by reference. In further support of this Motion, the Debtor respectfully states as follows:

1. The last four digits of the Debtor's federal tax identification number are 9531. The Debtor's mailing address is 129 W. Rand Road, Arlington Heights, Illinois 60004.

2. Unless otherwise stated, capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Interim Order.

**PRELIMINARY STATEMENT**

1. Before the commencement of this Chapter 11 Case, the Debtor executed that certain Secured Line of Credit Note dated as of August 30, 2018 with First Bank and Trust now known as Byline Bank and other purchase money equipment loans outlined below, (the "Prepetition Secured Notes"), The Byline Bank loan is secured by all the assets of the Debtor including all assets, accounts receivables and bank accounts which constitutes "cash collateral" as defined in 11 U.S.C. 363. A copy of the loan agreements are attached hereto as Exhibit B and Equipment leases are attached as Exhibit C. The other creditors listed have purchase money security interests designated as leases or loans and Debtor seeks permission to continue making the monthly payments as adequate protection payments.

2. The Debtor's continued access to the proceeds of the secured line of credit and use of the equipment secured by the loans set forth below is necessary to effectuate its

3

continued operation and restructuring through this Chapter 11 Case. The proceeds of the Loan and its collateral constitute Cash Collateral each lender of Absent the Debtor's ability to use Cash Collateral and to implement the adequate protection arrangements proposed herein, the Debtor would lack sufficient available sources of capital and equipment to operate and would be unable to pay its restructuring expenses, to the severe detriment of the estate and creditors. The Debtor anticipates using Cash Collateral before entry of the Final Order to pay salaries and regularly reoccurring expenses incurred in the ordinary course of business. As adequate protection for any potential use of any Cash Collateral by the Debtor, requests that an Interim Order approving the Adequate Protection Claim, Adequate Protection Liens (each to the extent of any actual Diminution in Value of the First Bank and Trust now known as Byline Bank's interests and all other secured creditors listed herein, in the Prepetition Collateral, including Cash Collateral) and the Adequate Protection Payments provided for therein on an interim basis. Accordingly, the Debtor requests authorization to use Cash Collateral, on a consensual basis, pursuant to the terms of the Interim Order and, after the Final Hearing, the Final Order.

### STATUS OF THE CASE AND JURISDICTION

3. On October 26, 2018(the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues, to and manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in this case, and no statutory committee has been appointed.

4. The United States Bankruptcy Court for the Northern District of Illinois (the

4

"Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the Northern District of Illinois.

5. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2),

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The statutory and other bases for the relief requested in this Motion are sections 105(a), 361, 362, 363, 507 and 552 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6004 and 9014 and Local Rules 2002-1, 4001-2 and 9013-1.

## BACKGROUND OF THE COMPANY

8. The Debtor has 13 employees of which four are physicians. The company was started in 2001 and has been steadily growing providing its surgical practice at its main facility on Rand Road in Arlington Heights and hospitals in the northwest suburbs of Chicago and Chicago itself. First Bank and Trust, which was recently acquired by Byline Bank has been a long term lender of the Debtor.

## RESERVATION OF RIGHTS

9. Except as otherwise set forth herein or in the Interim Order, nothing contained herein is intended or should be construed as any of the following: (a) an admission as to the validity or amount of any claim against the Debtor; (b) a waiver of the Debtor's right to dispute any claim; (c) an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (d) a promise or requirement to pay any prepetition claim; (e) an implication or admission that any particular claim is of a type specified or defined in this Motion; (f) a request for authorization to assume any prepetition agreement, contract or lease under section 365 of the Bankruptcy Code; or (g)

5

a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law.

## THE COMPANY'S PREPETITION SECURED DEBT

9. The Debtor has the following prepetition secured Debt which secures equipment and a line of credit which is necessary for an effective reorganization.

|  | Monthly Payment | Balance |
|---|---|---|
| A. First Bank & Trust, now known as Byline Bank |  | $600,000.00 |
| **Equipment Purchase Money Loans and Leases with Option:** | | |
| B. Marlin #1 | $876.04 | $42,179.83 |
| C. Marlin #2 | $985.78 | $48,179.83 |
| D. Ailco Finance #1 | $370.00 | $9,176.02 |
| E. Ailco Finance #2 | $314.00 | $10,150.66 |
| F. Wells Fargo #1 | $3,537.28 | $159,177.66 |
| G. Wells Fargo #2 | $515.51 | $15,040.89 |
| H. Olympus | $2,960.00 | $129,284.82 |
| I. GE Medical #1 | $1,483.42 | $61,901.00 |
| J. GE Medical #2 (service contract to maintain GE Medical #1) | $760.00 | |
| K. First Lease | $1,408.06 | $35,081.96 |

## RELIEF REQUESTED

12. By this Motion, the Debtor requests entry of the Interim Order, substantially in the form attached hereto as Exhibit A, and, after the Final Hearing, the Final Order, granting the following relief:

(a) authorizing the Debtor to use Prepetition Collateral, including Cash Collateral, of the Prepetition Secured Parties;

(b) authorizing the Debtor to provide adequate protection to the Prepetition Secured Parties pursuant to sections 361 and 363(e) of the Bankruptcy Code;

6

(c) authorizing the Debtor to grant Adequate Protection Liens to the Prepetition Secured Parties as security for the Adequate Protection Obligations;

(d) modifying the automatic stay imposed by section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms and provisions of the Interim Order;

(g) waiving any applicable stay with respect to the effectiveness and enforceability of the Interim Order (including a waiver pursuant to Bankruptcy Rule 6004(h));

(h) scheduling the Final Hearing, pursuant to Bankruptcy Rule 4001 and Local Rule 4001-2, to be held no later than thirty (30) days after entry of the Interim Order, to consider entry of the Final Order; and

(i) granting certain related relief.

WHEREFORE, the Debtor respectfully requests that the Court (a) enter the Interim Order, substantially in the form attached hereto as Exhibit A, (b) following the Final Hearing, enter the Final Order, and (c) grant such other and further relief as is just and proper.

*/s/ Jeffrey Strange*

Dated: November 8, 2018
Chicago Illinois

Jeffrey Strange & Associates
Attorney for debtor
717 Ridge Road
Wilmette, Illinois 60091
ARDC # 3122923
T: (847) 256-7377;
F: (847) 256-1681
jstrangelaw@aol.com

7

8