IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| Stoyan Kokocharov, | )<br>) |
| Plaintiff, | )<br>) No. 15 L 9354 |
| v. | )<br>) Commercial Calendar N |
| Chicago Surgical Clinic, LTD., Yelena Levitin and Sam D. Reynish | )<br>) Honorable Margaret Ann Brennan<br>) |
| Defendant. | )<br>)<br>) |

### ORDER

This cause coming before the Court on Defendants'/Counterplaintiffs', Post Trial Motions brought pursuant to 735 ILCS § 5/2-1301, 735 ILCS § 5/2-1202. 735 ILCS § 5/2-1203 (a) and Illinois Supreme Court Rules 274 and 366. The Court having considered the written submissions and being advised in the premises, finds:

#### Defendants' Motion

Defendants claim 34 instances where the Court erred in the course of the jury trial and therefore request a Judgment N.O.V. Defendants claim that when all the evidence, viewed in its aspect most favorable to the Plaintiff, so overwhelmingly favors defendants that a contrary verdict could never stand. *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 510 (1967). Additionally, Defendants claim 17 more errors and request that the Court set aside and vacate the judgment entered in favor of the Plaintiff on his equitable claims. Alternatively, Defendants request the Court grant them a new trial on their claims and defenses.

#### Plaintiff's Response

Plaintiff avers that the Defendants' claims that the issues are 'undisputed" is inaccurate. Plaintiff asserts that not only were most issues disputed, but the jury overwhelmingly resolved these contested issues in favor of the Plaintiff. Plaintiff asserts that there is no basis to disregard the jury's verdict. Additionally, Plaintiff argues that the Court's rulings on the equitable claims and the Illinois Wage Payment and Collection Act ("IWPCA") claims were not improper and therefore should not be vacated.


EXHIBIT B

### Opinion

A motion for judgment *n.o.v.* presents "a question of law as to whether, when all of the evidence is considered, together with all reasonable inferences from it in its aspect most favorable to the plaintiffs, there is a total failure or lack of evidence to prove any necessary element of the [plaintiff's] case." *Merlo v. Public Service Co. of Illinois*, 381 Ill. 300, 45 N.E.2d 665 (1942). Judgment notwithstanding the verdict is improper where witness credibility or the resolution of conflicting evidence is decisive of the outcome. *DiCosolo v. Janssen Pharmaceuticals, Inc.*, 2011 IL App. (1st) 093562 ¶ 14.

In this case, the jury was presented with testimony from several witnesses. The Court admitted and the jury reviewed extensive exhibits. The jury had ample opportunity to weigh the credibility of the witnesses. The jury was instructed to consider each witness' ability and opportunity to observe, memory, manner, interest, bias, qualifications, experience and any previous inconsistent statement or act by the witness concerning an issue important to the case. Overwhelmingly, the jury rejected the Defendants' theory of the case and resolved the matter in favor of the Plaintiff.

Additionally, as to the claims that the Court erred in its rulings on the equitable claims and the IWPCA claims, the Court has considered the arguments and its rulings stand. Defendants have failed to meet their burden with regard to these claims.

Finally, Plaintiff requests his reasonable attorneys' fees for responding to Defendants' Post Trial Motions. While the Court is cognizant of Plaintiff's right to recover his reasonable attorneys' fees under the IWPCA and has already granted an award of fees, the Court declines to award any additional fees as such an award may be utilized as a means to reopen further briefing on issue of attorneys' fees and any other matters which the Defendants may seek to revisit.

WHEREFORE, IT IS HEREBY ORDERED:

Defendants Post Trial Motion for Judgment N.O.V. and Motion for a new trial are denied with prejudice. This is a final order.

Entered: *Judge Margaret A. Brennan*
OCT 25 2018
Circuit Court - 1846

Judge Margaret Ann Brennan     1846
Circuit Court of Cook County, Illinois
County Department, Law Division